# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

October 24, 2006

Lawrence E. Kazmierczak
593 Ramapo Valley Rd.
PO Box 185
Oakland, New Jersey 07436

    (*Attorney for Plaintiff*)

Christopher J. Christie
United States Attorney
Dennis J. Canning
Special Assistant United States Attorney
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278

    (*Attorney for Defendant*)

    RE:    **Yennie v. Commissioner of Social Security**
              **Civ. No. 06-1523 (WJM)**

Dear Counsel:

    Plaintiff Susan Yennie ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) (2006) of the Social Security Act, seeking review of a final determination by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, the Court will **AFFIRM IN PART** and **REMAND IN PART** the Commissioner's decision for further proceedings.

**Background**

Plaintiff applied for DIB on October 25, 2004 alleging that she had been disabled since July 1, 2004 due to back problems and depression. (Tr. at 13, 81, 98, 119.)[1] In a final decision by the Commissioner, dated January 27, 2006, Administrative Law Judge Katherine Edgell ("ALJ Edgell") denied Plaintiff's claim. (Tr. at 12-17.) Applying the familiar five-step analysis for determining disability claims, ALJ Edgell initially found that Plaintiff had not engaged in substantial gainful activity since July 1, 2004. (Tr. at 12.) Next, ALJ Edgell found that Plaintiff suffered from severe back pain, but that she did not suffer from severe depression. (Tr. at 13.) At the third step, ALJ Edgell determined that Plaintiff's back pain did not meet or equal in severity the Listing of Impairments located at Appendix 1 to 20 C.F.R. pt. 404, subpt. P. (Tr. at 14.) Then, at the fourth step, she found that Plaintiff retained the residual functional capacity to lift lighter objects, such as those weighing ten pounds. (Tr. at 15.) In addition, ALJ Edgell found that Plaintiff could sit or stand as needed and walk for periods of two to four hours throughout an eight hour workday. (Tr. at 15.) However, because Plaintiff was unable to perform the lifting required by her past relevant work as a waitress, ALJ Edgell proceeded to the fifth step and examined whether jobs existed in significant numbers in the national economy that she could perform. (Tr. at 15.) In that regard, the ALJ found that a significant number of jobs existed. (Tr. at 15-16.) Therefore, the ALJ concluded that Plaintiff was not disabled.

Plaintiff appeals this ruling. She argues, basically, that ALJ Edgell erred on two grounds: (1) she improperly evaluated Plaintiff's credibility; and (2) she erred at step five by not ordering testimony from a vocational expert. As discussed below, the Court disagrees with Plaintiff on the first ground, but agrees with the Plaintiff on the second.

**Discussion**

**I.    ALJ Edgell Properly Evaluated Plaintiff's Credibility**

Plaintiff first argues that ALJ Edgell improperly evaluated the credibility of her complaints of pain. At the hearing, Plaintiff testified that she was disabled and unable to work due to back pain. In particular, she claimed that the pain limited her ability to sit, stand, walk, and lift. (Tr. at 13, 22-29.) ALJ Edgell discounted the credibility of these complaints. (*See* Tr. at 14.) As shown below, the Court agrees with this assessment.

An ALJ is required to determine the extent to which the claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it. *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) (citing 20 C.F.R. § 404.1529(c)). Under the current statutory regime, a claimant's statements about her pain do not alone establish disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(c). Rather, a disability must be proven through objective medical evidence. Furthermore, the ALJ should consider a claimant's daily activities, the location,

---

[1]    References to ("Tr.") are to certified transcript of the entire record of the proceedings in this case.

frequency, and intensity of the pain and symptoms, the type and dosage of pain medication, and any other measures used to relieve the alleged pain. 20 C.F.R. § 404.1529(c)(3). In making such determinations, the ALJ is given great discretion, and such findings are entitled to judicial deference. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983).

While Plaintiff complained of being in severe pain, ALJ Edgell found these statements only partially credible for a number of reasons, all of which are legitimate. First and foremost, ALJ Edgell found that objective medical evidence conflicted with Plaintiff's allegations of having total limitations and pain. For instance, treatment notes from June 16, 2004, and July 13, 2004, indicate that Plaintiff was walking with a normal gait (Tr. at 14, 197, 199), was basically stable with only flare-ups of low back pain by August 4, 2004 (Tr. at 14, 194), had intact sensory and motor functions along with only slightly diminished lower extremity reflexes by August 31, 2004 (Tr. at 14, 193), and was experiencing "good pain control" by October 6, 2004 and "excellent pain control" by October 27, 2004 (Tr. at 14, 188, 189). Furthermore, a September 15, 2004 report from Plaintiff's treating physician, Dr. Moshen Michail, stated that her sensory examination was intact, her motor strength was full, and her medical status was stable. (Tr. at 192.)

In addition, ALJ Edgell noted that while reports form Dr. Michail indicated that she developed an unsteady gait and sensory deficits in the lower extremities as well as a flare up of low back pain in December 2004, a March 2005 CT scan did not disclose abnormalities likely to cause the degree of pain alleged. (Tr. at 14, 181.) Moreover, ALJ Edgell remarked that a subsequent treatment note indicated some pain relief was attained through medication by May 2005 and, by September 2005, Dr. Michail indicated that Plaintiff's pain improved by at least 30%. (Tr. at 14, 215.) Furthermore, Dr. Michail noted that her sleeping was better, her gait was only mildly antalgic, and a motor examination revealed full 5/5 strength throughout. (Tr. at 14, 215.) In addition, on November 1, 2005, Dr. Michail's records indicate that the claimant was basically stable and complaining only of an achiness in the back. (Tr. at 14, 213.)

ALJ Edgell also noted that Plaintiff's activity levels also strongly conflicted with her allegations of having total limitations and pain. For instance, Plaintiff indicated at the hearing that she drives her car, reads the newspaper, and helps her children with homework. (Tr. at 15, 22, 28.) As ALJ Edgell remarked, this demonstrated an ability to focus and concentrate which is not precluded by pain. (Tr. at 15.) Furthermore, ALJ Edgell noted that a report by another treating physician, Dr. Galina, indicated that Plaintiff became more active with her children and performed volunteer work at their school. (Tr. 15, 221, 225). ALJ Edgell commented that this suggested that she was experiencing a greater level of flexibility and mobility than asserted. (Tr. at 15.)

Plaintiff asserts in her brief that ALJ Edgell erred in her credibility determination by failing to consider various pieces of evidence. For instance, Plaintiff argues that ALJ Edgell erred by not considering: (1) her recent use of Methadone and Percoset, rather than Duragesic and Vicodin; (2) notes by Dr. Michail indicating that he explained to Plaintiff that she should

3

consider implantation of a spinal cord trial; and (3) notes indicating that her psychiatric status impacted negatively on her overall functional capacity.  However, the Court finds that ALJ Edgell's decision would still be based on substantial evidence even if she considered this evidence.  Considerable objective medical evidence existed which contradicted her subjective complaints of pain, and consideration of these facts would not change this outcome.  Furthermore, regarding the third point, the ALJ did consider psychiatric evidence in assessing Plaintiff's credibility, but found that it actually discredited Plaintiff's complaints of limitations due to psychiatric impairments.  (*See* Tr. at 15.)  Plaintiff's arguments on these grounds, therefore, are unavailing.

In sum, the Court concludes that the ALJ's decision to discount Plaintiff's credibility was supported by substantial evidence.

## II.     ALJ Edgell Erred in Her Step Five Analysis.

Plaintiff next argues, in cursory form, that the ALJ erred in her analysis of step five of the familiar five-step process for determining a disability.[2]  In *Sykes v. Apfel*, the Third Circuit stated that "the Commissioner cannot determine that nonexertional impairments do not significantly erode [the claimant's] occupational base under the [Medical-Vocational Guidelines (the "Grids")] without either taking additional vocational evidence establishing that fact or providing notice to the claimant of [her] intention to take official notice of this fact (and providing the claimant with an opportunity to counter the conclusion)."  228 F.3d 259, 264-65 (3d Cir. 2000).  However, in the recent decision of *Allen v. Barnhart*, the Third Circuit ruled that the Commissioner may rely on a Social Security Ruling ("SSR") as a replacement for the testimony of a vocational expert.  417 F.3d 396, 404 (3d Cir. 2005).

In the instant case, Plaintiff suffers from both exertional and non-exertional impairments (i.e., a lumbar impairment and persistent pain).  (Tr. at 15.)  In determining whether Plaintiff was able to perform other work available in the national economy, the ALJ first applied Medical-Vocational Guideline Rule 201.27 to direct a finding of not-disabled.  (Tr. at 16.)  However, without taking any vocational testimony, providing notice, or applying an appropriate SSR, the ALJ held that Plaintiff's non-exertional impairment did not erode the occupational base for unskilled entry level work.  (Tr. at 16.)  In fact, ALJ Edgell apparently relied solely on the Grids to reach this conclusion.  This is improper.  *See, e.g., Sykes*, 228 F.3dat 270.  Therefore, the Court shall order this case remanded to the ALJ for a correct determination of whether jobs exist in significant number in the national economy consistent with our circuit's rulings in *Sykes v.*

---

[2] At this step of the analysis, the burden of production shifts to the Commissioner to demonstrate that the claimant is able to perform other work that is available in the national economy, considering the claimant's age, education, and past work experience.  20 C.F.R. § 404.1520(f); *see also Burnett v.  Comm'r. of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000).

4

*Apfel* and *Allen v. Barnhart*.[3]

## Conclusion

For the foregoing reasons, the ALJ's final decision is affirmed in part and remanded in part for further proceedings consistent with this opinion. An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini<br>
**William J. Martini, U.S.D.J.**

---

[3] Plaintiff also argues, in rather cursory form, that the ALJ failed to sufficiently develop the administrative record. Since this matter will be remanded to the Commissioner for further development of the administrative record (i.e., step-five), the Court shall defer examination of this issue at this time.